UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

| In Re: | CASE NO. 12-51617 |
|---|---|
| Mary M. Pasco | CHAPTER 7 |
| Debtor | Judge Marilyn Shea-Stonum |
| | **MOTION OF BANK OF AMERICA, N.A. FOR RELIEF FROM STAY AND ABANDONMENT** |
| | **(659 Diamond Circle, Ravenna OH 44266)** |

Bank of America, N.A. (the "Movant") moves this Court, under Bankruptcy Code §§ 361, 362, 363, and other sections of Title 11 of the United States Code, under Federal Rules of Bankruptcy Procedure 4001 and 6007, under Federal Rules of Bankruptcy Procedure 4001 and 6007, and under Local Bankruptcy Rule 4001-1 for an order conditioning, modifying or dissolving the automatic stay imposed by Bankruptcy Code § 362, and for Abandonment of property under Bankruptcy Code § 554.

## MEMORANDUM IN SUPPORT

1.  The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2). The venue of this case and this motion is proper under 28 U.S.C. §§ 1408 and 1409.

2.  On March 22, 2010, Mary M. Pasco (Debtor) and William A. Pasco, III obtained a loan from Quicken Loans Inc. in the amount of $91,575.00. Such loan was evidenced by a Note dated March 22, 2010 (the "Note"), a copy of which is attached as Exhibit A.

3.  To secure payment of the Note and performance of the other terms contained in it,

1

Mary M. Pasco and William A. Pasco, III executed an Open-End Mortgage in favor of Mortgage Electronic Registration Systems, Inc., solely as nominee for Quicken Loans Inc. dated March 22, 2010 (the "Security Agreement"). The Security Agreement granted a lien on the real and/or personal property located at 659 Diamond Circle, Ravenna OH 44266 owned by Mary M. Pasco and William A. Pasco, III (the "Collateral"). The Collateral is more fully described in the Security Agreement (check one):

    X attached as Exhibit B;

        OR

    ___ contained in the Note, attached as Exhibit A.

4. The lien created by the Security Agreement was duly perfected by (check all that apply):

    _X_ Filing of the Security Agreement in the office of the Portage County Recorder on April 5, 2010.

    ___ Filing of the UCC-1 Financing Statement in the office of ____ on _____.

    ___ Notation of the lien on the Certificate of Title.

    ___ Other (state with particularity)_____.

A copy of the recorded Security Agreement, UCC-1 Financing Statement, Certificate of Title or other document, as applicable, is attached as Exhibit B. Based on Movant's records, the lien is the first lien on the Collateral.

5. The entity in possession of the original Note as of the date of this motion, is Recon Trust Company, N.A., 1800 Tapo Canyon Rd, Simi Valley, CA 93063.

6. The entity servicing the loan is: Bank of America, N.A.

7. The Note was transferred, as evidenced by the following:

a. If the Collateral is real estate:

i. Under Uniform Commercial Code § 3-203(a) as applicable under state law in effect where the property is located, from the original lender:

\_\_\_ N/A.

OR

☒ By endorsement on the Note, payable to Bank of America, N.A.

OR

\_\_\_ By blank endorsement on the Note.

OR

\_\_\_ By allonge attached to the Note, payable to _____.

OR

\_\_\_ By blank allonge, attached to the Note.

OR

\_\_\_ The Note is not endorsed to the Movant, or is not endorsed in blank with an allegation that the Movant is in possession of the original Note. The factual and legal basis upon which the Movant is entitled to bring this motion is (explain with particularity and attach supporting documentation):
_____
_____.

OR

\_\_\_ By endorsement on the Note or by allonge attached to the Note, through a power of attorney. If this box is checked, a copy of the power of attorney is attached as Exhibit \_\_\_.
_____

        <ii. Under Uniform Commercial Code § 3-203(a) as applicable under state law in effect where the property is located, from _____ to _____.

        <iii. A court has already determined that Movant has the ability to enforce the Note with a judgment dated _____ in the _____ . A copy of the judgment is attached at Exhibit ___.

    b. If the Collateral is not real estate (check one):

        ____ N/A

        OR
        ____ From the original lender to <First Transferee> by <state method or document effecting transfer> [add additional transfer sections as appropriate. The last Transferee must be the movant.]

8. The Security Agreement was transferred as follows (check one):

    ___ N/A.

    OR

    ☒ From the original lender, mortgagee, or mortgagee's nominee on March 8, 2012 to Movant. The transfer is evidenced by the document(s) attached to this Motion as Exhibit C.

9. The value of the Collateral is $125,400.00. This valuation is based on the records of the Portage County Auditor, attached as Exhibit D.

10. As of July 3, 2012, there is currently due and owing on the Note the outstanding principal balance of $89,498.48, plus interest accruing thereon at the rate of 5.250% per annum ($N/A per day), as described in more detail on the worksheet. The total provided in this paragraph cannot be relied upon as a payoff quotation.

11. The amount due and owing on the Note as set forth in paragraph 10 does not include a credit for the sum held in a suspense account by the Movant. The amount of the credit

4

is $0.00.

12. Other parties known to have an interest in the Collateral besides the debtor(s), the Movant, and the trustee are (check all that apply):

  ___ N/A.

  _X_ The Portage County Treasurer, for real estate taxes, in an unknown amount.

  _X_ Co-owners - William A. Pasco, III

  _X_ Other lienholders – GMAC in the amount of $21,500.00.

13. The Movant is entitled to relief from the automatic stay under Bankruptcy Code § 362(d) for these reason(s) (check all that apply):

  ☒ Debtor has failed to provide adequate protection for the lien held by the Movant for these reasons: **As this is a Chapter 7 case the property is not necessary for an effective plan of reorganization**.

  ___ Debtor has failed to keep the Collateral insured as required by the Security Agreement.

  ___ Debtor has failed to keep current the real estate taxes owed on the Collateral.

  ☒ Debtor has failed to make periodic payments to Movant for the months of December 2011, January 2012, February 2012, March 2012, April 2012, May 2012, June 2012 and July 2012, which unpaid payments are in the aggregate amount of $6,143.26, through July 3, 2012. *The total provided in this paragraph cannot be relied upon as a reinstatement quotation.*

  ☒ Debtor has no equity in the Collateral, because the Collateral is valued at $125,400.00 and including the Movant's lien, there are liens in an aggregate amount of $117,355.79 on the Collateral.

  ___ Other cause (set forth with specificity):_____

14. Movant has completed the worksheet, attached as Exhibit 1.

15. Movant is entitled to an order directing the trustee to abandon the Collateral under

11 U.S.C. §554(b) for these reasons (check all that apply):

- ☒ The Collateral is burdensome to the estate because there is an arrearage on the account, demonstrating debtor's inability to maintain the regular payments due on the loan.

- ☒ The Collateral is of inconsequential value and benefit to the estate because upon liquidation of the Collateral no proceeds will remain for the benefit of the estate.

WHEREFORE, Movant prays for an order from the Court:

(a) granting Movant relief from the automatic stay of Bankruptcy Code § 362 to permit Movant to proceed under applicable nonbankruptcy law; AND

(b) AUTHORIZING AND DIRECTING THE CHAPTER 7 TRUSTEE TO ABANDON THE COLLATERAL UNDER BANKRUPTCY CODE §554.

**RESPECTFULLY SUBMITTED,**

The Law Offices of
John D. Clunk Co., LPA

 **/S/ LeAnn E. Covey**
LeAnn E. Covey (#0083289), ext 2263
4500 Courthouse Blvd, Suite 400
Stow, OH 44224
(330) 436-0300 / facsimile (330) 436-0301
Email: *bknotice@johndclunk.com*
Attorney for Movant

6

## CERTIFICATE OF REGULAR SERVICE

  A copy of the foregoing Motion of Bank of America, N.A. for Relief from Stay and Abandonment was served by regular U.S. Mail as permitted by the rules, this 7th day of August, 2012, upon the following parties at the addresses stated below.

Mary M. Pasco Aka Mickie Pasco
1330 Hunters Lake Dr. East
Cuyahoga Falls, OH 44221
*Debtor*

William A. Pasco III
659 Diamond Circle
Ravenna, OH 44266
*Co-obligor*

Portage County Treasurer
449 South Meridian Street
Ravenna, OH 44266
*County Treasurer*

                 **/S/ LeAnn E. Covey**
                 Attorney for Movant

## CERTIFICATE OF ELECTRONIC SERVICE

  I hereby certify that the foregoing Motion of Bank of America, N.A for Relief from Stay and Abandonment was electronically transmitted on or about this 7th day of August, 2012, via the Court's CM/ECF system to the following parties who are listed on the Court's Electronic Mail Notice List:

Debra E. Booher
1350 Portage Trail
Cuyahoga Falls, OH 44223
*Debtor's Attorney*

Robert S. Thomas, II
One South Main St, 2nd Floor
Akron, OH 44308
*Trustee*

Office of the U.S. Trustee
Howard Metzenbaum U.S. Courthouse
201 Superior Avenue
Cleveland, OH 44114
*U.S. Trustee*

                 **/S/ LeAnn E. Covey**
                 Attorney for Movant

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

In Re: | CASE NO. 12-51617

Mary M. Pasco | CHAPTER 7

Debtor | Judge Marilyn Shea-Stonum

**BANK OF AMERICA, N.A.'S RELIEF FROM STAY AND ABANDONMENT WORKSHEET**

I. LOAN DATA

    A. IDENTIFICATION OF COLLATERAL (check all that apply):

        **X**   Real Estate <u>659 Diamond Circle, Ravenna OH 44266</u>
        ___ Principal Residence of Debtor(s)
        **X**   Other
        ___ Personal Property _____
        ___ Other Property _____

    B. CURRENT VALUE OF COLLATERAL: $125,400.00

    C. SOURCE OF COLLATERAL VALUATION: <u>Portage County Auditor</u>

    D. ORIGINAL LENDER: <u>Quicken Loans, Inc.</u>

    E. ENTITY ENTITLED TO ENFORCE THE NOTE: <u>Bank of America, N.A.</u>

    F. CURRENT LOAN SERVICER: <u>Bank of America, N.A., successor by merger to BAC Home Loans Servicing, LP</u>

    G. DATE OF LOAN: <u>March 22, 2010</u>

    H. ORIGINAL PRINCIPAL AMOUNT DUE UNDER NOTE: <u>$91,575.00</u>

    I. ORIGINAL INTEREST RATE ON NOTE: <u>5.250%</u>

    J. CURRENT INTEREST RATE: <u>5.250%</u>

8

K. ORIGINAL MONTHLY PAYMENT AMOUNT
(principal and interest only for mortgage loans): __$505.69__

L. CURRENT MONTHLY PAYMENT AMOUNT: __$787.43__

M. THE CURRENT MONTHLY PAYMENT AMOUNT LISTED ABOVE:

(include all options below)

- ___ Includes an escrow amount of $_____ for real estate taxes.
- ___ Includes an escrow amount of $_____ for property insurance.
- ☒ Includes an escrow amount of $281.74 for escrow.
- ___ Does not include any escrow amount.

N. DATE LAST PAYMENT RECEIVED: _November 1, 2011_

O. AMOUNT OF LAST PAYMENT RECEIVED: __$761.40__

P. AMOUNT HELD IN SUSPENSE ACCOUNT: __$0.00__

Q. NUMBER OF PAYMENTS PAST DUE: __8__

II. AMOUNT ALLEGED TO BE DUE AS OF **July 3, 2012:**

|   | Description of Charge | Total Amount of Charges | Number of Charges Incurred | Dates Charges Incurred |
|---|---|---|---|---|
| A. | PRINCIPAL | $89,498.48 | | |
| B. | INTEREST | $3,524.04 | | |
| C. | TAXES (The amount provided in this Line C represents the sum of taxes and insurance due as of 7/3/12) | $1,555.59 | | |
| D. | INSURANCE | $see note to line C above | | |
| E. | LATE FEES | $91.38 | | |
| F. | NON-SUFFICIENT FUNDS FEES | $0.00 | | |

9

| | | | | |
|---|---|---|---|---|
| G. | PAY-BY-PHONE FEES | $0.00 | | |
| H. | BROKER PRICE OPINIONS | $0.00 | | |
| I. | FORCE-PLACED INSURANCE | $0.00 | | |
| J. | PROPERTY INSPECTIONS | $15.00 | | |
| K. | OTHER CHARGES – (describe in detail and state contractual basis for recovering the amount from the debtor)<br>Mortgage Insurance Premium $72.30<br>Litigation Mgt Fee $1,099.00 | $1,171.30 | | |

TOTAL DEBT: $95,855.79

LESS AMOUNT HELD IN SUSPENSE: $ 0.00

TOTAL DUE AS OF DATE MOTION IS FILED: $95,855.79 *

*This total cannot be relied upon as a payoff quotation*.

This Worksheet was prepared by:

 **/S/ LeAnn E. Covey**
LeAnn E. Covey (#0083289), ext 2263
4500 Courthouse Blvd., Ste 400
Stow, OH 44224
(330)436-0300 / Fax (330)436-0301
*bknotice@johndclunk.com*